IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-30850
Summary Calendar
_____

BETTY P. McCLENDON,

Plaintiff-Appellant,

versus

RANDY SMITH; CLEO CRUTCHFIELD;
THE BOGALUSA HOUSING AUTHORITY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(96-CV-4054-N)
_____

April 21, 1998

Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

The appellant, Betty McClendon, a white female, appeals the district court's entry of summary judgment against her on her claims against her employer, the Bogalusa Housing Authority, Randy Smith, a white male who is the director of the Housing Authority, and Cleo Crutchfield, an African-American male who is the chairman of the Housing Authority. In her complaint, McClendon argues that the defendants have engaged in a prolonged campaign to replace her with an African-American employee. In support of her claim, McClendon has advanced the following arguments: 1) she claims that since Smith became director, almost all personnel hired by the Housing Authority have been African-American; 2) she claims that the defendants arranged for a resident of the Housing Authority to attack her in her office; 3) she claims that Smith, in an attempt to frighten her into resigning, has

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ordered that a security door, apparently installed after the aforementioned assualt, be tied open; 4) she claims that she has been ignored and denied the opportunity to do meaningful work because she is white; and 5) she claims that she was denied the Civil Service position of "administrative secretary," a position that apparently has never existed at the Housing Authority, because she is white. Plaintiff asserts four claims in her complaint: 1) a claim under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, and 42 U.S.C. § 1983 based on the defendants' alleged racial discrimination; 2) a substantive due process claim under § 1983 based on the Housing Authority's alleged policy of "intimidation and social isolation"; 3) a claim for intentional infliction of emotional distress under Louisiana law; and 4) a state law claim for retaliation for asserting a right secured by Lousiana law. After a de novo review of the record, we affirm for essentially the same reasons set forth by the district court in its Order and Reasons, dated July 31, 1997.

AFFIRMED.